NOT FOR PUBLICATION

FILED

JAN 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERRIE M. KEYS, | No. 13-55975 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05244-PA-AGR |
| v. | |
| PACIFIC 701 MARIPOSA LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Sherrie M. Keys appeals pro se from the district court's judgment dismissing her action alleging various federal and state law claims in connection with her eviction from her apartment building. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Keys's claims against defendants Pacific 701 Mariposa LLC and John Safi because Keys failed to allege facts sufficient to state any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (setting forth elements of a RICO claim).

Dismissal of Keys's claims against defendants Raymond Zakari and Zakari Law, Inc. ("Zakari Defendants") was also proper because Keys failed to allege facts sufficient to state any plausible claims. *See Ashcroft*, 556 U.S. at 678; *United Bhd. of Carpenters*, 770 F.3d at 837; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

The district court did not abuse its discretion by denying Keys's motion to amend after providing Keys with an opportunity to amend and concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *see also Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149-50 (9th Cir. 2011) (setting forth elements of a § 1983 claim and describing instances in which a private actor's conduct constitutes state action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-55975